UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SADEQ ALI QURAISHI<br><br>Defendant | CRIMINAL No. 22-cr-10306-AK |

## GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF PENALTIES AND COLLATERAL CONSEQUENCES

The United States of America, by Joshua S. Levy, Acting United States Attorney, and Brian A. Fogerty and Lauren A. Graber, Assistant United States Attorneys for the District of Massachusetts, moves *in limine* to preclude evidence or argument regarding the potential penalties associated with the charged offense or any collateral consequences of a conviction, pursuant to Federal Rules of Evidence 402 and 403.

### Background

Quraishi has been charged with Attempted Sex Trafficking of a Child, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2). ECF No. 13. This offense carries a mandatory minimum sentence of 10 years in prison. *See* 18 U.S.C. § 1591(b)(2). The statutory maximum term is life in prison. *Id.*

### Argument

The Court should preclude any reference to potential penalties, or the collateral consequences of a conviction, in the presence of the jury. It is "well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers*

*v. United States*, 422 U.S. 35, 40 (1975)).  This principle reflects a "basic division of labor in our legal system between judge and jury." *Shannon*, 512 U.S. at 579.  "The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." *Id.*  "The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id.*  Thus, information regarding potential penalties, statutory maximums or minimums, sentencing ranges, or other legal consequences of a conviction are "therefore irrelevant to the jury's task."  *Id.*  "Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.*; s*ee also United States v. Cruz-Rivera*, 14 F.4th 32, 33–34 (1st Cir. 2021) (holding no error to preclude cross-examination of a cooperator regarding sentencing guidelines exposure).

      Here, Quraishi should be prohibited from referring, in the presence of the jury during voir dire or at trial, either directly or indirectly, to the potential penalties, statutory maximum or minimum, sentencing range, or any collateral consequences upon a conviction.  As the Court held in *Shannon*, these matters have no relevance to the issue of whether Quraishi arranged a commercial sex encounter with a person he believed to be a 14-year-old girl.  *Shannon*, 512 U.S. at 579.  Rather, references to the consequences of a conviction in this case would serve only the improper purpose of jury nullification.  *See, e.g., United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) (holding "while jurors may choose to flex their muscles, ignoring both law and evidence in a gadarene rush to acquit a criminal defendant, neither the court nor counsel should encourage jurors to exercise this power.").

**Conclusion**

For the above stated reasons, the United States requests that the Court prohibit Quraishi and his counsel from referring, in the presence of the jury during voir dire or at trial, either directly or indirectly, to the (1) potential penalties Quraishi may face, (2) the statutory maximum or minimum applicable to him, (3) any sentencing range upon his conviction, or (4) any collateral consequences of his conviction, such as personal or professional consequences.

                              Respectfully submitted,

                              JOSHUA S. LEVY
                              Acting United States Attorney

By:   /s/ Brian A. Fogerty
       BRIAN A. FOGERTY
       LAUREN A. GRABER
       Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

                                              /s/ Brian A. Fogerty
                                              Brian A. Fogerty
                                              Assistant United States Attorney

Date: September 20, 2024