UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 22-cr-10306-AK |
| | ) | |
| SADEQ QURAISHI | ) | |

## DEFENDANT'S TRIAL BRIEF

Pursuant to the Court's pretrial order, the defendant, Sadeq Quraishi, submits this trial brief.

### I.   The Charge Against Dr. Quraishi

Dr. Quraishi was arrested on November 2, 2022 as part of a sting operation designed and carried out by undercover agents with Homeland Security Investigations. It is anticipated that the evidence at trial will show that Dr. Quraishi contacted a phone number contained in an advertisement posted on the website Skip the Games. This website it typically utilized by adult sex workers to post advertisements. Dr. Quraishi engaged in a back-and-forth text message conversation with an undercover agent who was posing as a woman sexually trafficking two girls, ages 12 and 14. The texts include a discussion where Dr. Quraishi ostensibly agreed to pay $250 to have anal sex with the 14-year-old. After Dr. Quraishi expressed hesitancy, the agent urged him on: "nah its all natural … there is no guilt sex is a naruaal thing[.]" Ultimately, Dr. Quraishi drove to a hotel in Waltham where the agent told him the girl was located. Dr. Quraishi encountered the undercover in the back parking lot of the hotel. Just after he was handed a key and told which room to go to, Dr. Quraishi was arrested by federal agents. At the time of his arrest, Dr. Quraishi was employed as an anesthesiologist at Tufts Medical Center.

The principle factual disputes at trial are likely to be (1) whether the government can

establish beyond a reasonable doubt that Dr. Quraishi had the requisite intent to solicit the fictitious minor to engage in a commercial sex act, and (2) whether government agents entrapped Dr. Quraishi.

## II.     Witnesses and Evidence

Dr. Quraishi may offer expert testimony from two potential witnesses: Dr. Frederick Berlin and Steven Verronneau. Their qualifications and areas of potential testimony are outlined in two notices of expert testimony filed by Dr. Quraishi on September 23, 2024. ECF Nos. 82 and 83. Dr. Quraishi has also noticed a private investigator, David Connelly, as a potential witness. Mr. Connelly had a narrow role in investigating this case on behalf of the defense. If called, Mr. Connelly would likely authenticate photographs he took documenting the hotel where Dr. Quraishi's arrest occurred and describe the premises.

## III.    Evidentiary Issues

The respective motions *in limine* outline the primary evidentiary disputes between the parties. In sum, the parties sharply disagree over the admissibility of Dr. Berlin's testimony and the volume of evidence the government seeks to introduce related to Dr. Quraishi's past interactions with adult commercial sex workers. *See* ECF Nos. 76-78.

## IV.    Jury Empanelment Issues

The likely facts and circumstances in this case touch on numerous sensitive issues, which must be explored with the prospective jurors during empanelment. Dr. Quraishi has proposed several voir dire questions that address these topics. First, cases alleging sexual misconduct, especially when that misconduct involves minors, consistently engender strong feelings from potential jurors. Many will cite their own unfortunate experiences or those of loved ones as reasons why they cannot serve as a juror in a case with this type of subject matter. Second, there

may be evidence that Dr. Quraishi engaged in taboo sexual behavior with adults that jurors may find odd, deviant, or repulsive. For example, depending on the Court's pretrial rulings, there may be evidence that Dr. Quraishi searched for transgendered sex workers and that he engaged in coprophilia. The graphic nature of this evidence may make some jurors uncomfortable to the point of being unable to fairly judge the evidence. Third, no matter how the Court rules on the motions *in limine*, there will be evidence that Dr. Quraishi sought out and engaged with adult commercial sex workers on occasions prior to November 2, 2022. Fourth, Dr. Quraishi is of Bangladeshi descent and was primarily raised in Saudi Arabia. Whether the prospective jurors harbor any cultural or racial bias against individuals of South Asian or Middle Eastern descent warrants examination. Even more germane is the question of whether these biases relate to jurors' beliefs about the sexual practices of individuals of Dr. Quraishi's heritage. Fifth, there is a cross-racial element to the case given that the fictitious minor was white.

Given the range of difficult societal issues that are likely to come up in this case, individual voir dire of the prospective jurors is imperative. Dr. Quraishi supports the Court's proposed empanelment method of questioning jurors individually while the remainder of the venire waits in another courtroom.

### V.    Jury Instructions

Dr. Quraishi has requested that the Court instruct the jury on the affirmative defense of entrapment. ECF No. 69. The government has submitted a memorandum in response, arguing that Dr. Quraishi has "failed to establish the required prima facie showing for such an instruction." ECF No. 81 at 9-12. Dr. Quraishi intends to submit a memorandum to the Court no later than Wednesday, September 25, 2024 explaining in greater detail why he is entitled to an entrapment instruction. In short, Dr. Quraishi submits that the anticipated evidence at trial will

easily satisfy the threshold burden he must meet to warrant the Court instructing the jury on entrapment. The defense of entrapment has two elements: (1) that the government induced the defendant to engage in a criminal act, and (2) the defendant's lack of predisposition to engage in such conduct. *United States v. Rodriguez*, 858 F.2d 809, 812 (1st Cir. 1988). In addition to creating the opportunity for the defendant to commit a crime, there must also be a "plus factor" present such as "intimidation and threats, dogged insistence, playing on the defendant's sympathies, [or] repeated suggestions." *United States v. Pérez-Rodríguez*, 13 F.4th 1, 17 (1st Cir. 2021). As to the first element, Dr. Quraishi plans to argue that the agent's downplaying of the potential harm to the fictitious child by suggesting "there is no guilt" and "[s]ex is a naruaal thing" constituted a "plus factor." As to the second element, while there was certainly evidence obtained from Dr. Quraishi's cell phone demonstrating that he was predisposed to engage in commercial sex acts with *adults*, there was zero evidence showing a preexisting sexual interest in *children*. By all accounts, all of the commercial sex workers that Dr. Quraishi interacted with prior to November 2, 2022 were adults. His predisposition to commit one offense does not predispose him to commit the one with which he stands charged.

The parties also disagree over Dr. Quraishi's proposed reasonable doubt instruction as well as his proposed instruction on the offense of attempted sex trafficking of a child.

**VI.**   **Stipulations**

The parties entered into two stipulations related to interstate commerce. ECF Nos. 66 and 67. No additional stipulations are contemplated at this time.

**VII.**   **Courtroom Arrangements and Length of Trial**

The defendant may utilize courtroom equipment to display documents and images. Dr. Quraishi anticipates that his case-in-chief will take at most two days to present.

4

SADEQ QURAISHI
By His Attorneys,
CARNEY, GAUDET & CARNEY

*Daniel J. Gaudet*

Daniel J. Gaudet
B.B.O. # 688120
20 Park Plaza, Suite 614
Boston, MA 02116
617-933-0350
DGaudet@CarneyDefense.com

September 23, 2024


<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*Daniel J. Gaudet*
Daniel J. Gaudet