UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>SADEQ ALI QURAISHI, )<br>Defendant. ) | Criminal No. 22-CR-10306-AK |

## PRELIMINARY ORDER OF FORFEITURE

**KELLEY, D.J.**

WHEREAS, on November 10, 2022, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendant Sadeq Ali Quraishi (the "Defendant"), with Attempted Sex Trafficking of a Child, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2) and 1594(a) (Count One);

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 1594(d) and 28 U.S.C § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of the defendant's interest in any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offense, and any property traceable to such property, and (2) any property, real or personal, which constitutes or is derived from any proceeds the defendant obtained, directly or indirectly, as a result of such offense, and any property traceable to such property.

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third

1

party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraph 2 above, pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c).

WHEREAS, the United States has identified the following assets, including but not limited to:

   a. $250 in United States currency, seized on November 2, 2022, in Waltham, Massachusetts; and

   b. Apple iPhone 11 bearing serial number C6KZHJZ0N72L, and IMEI 353974104944698, seized on November 2, 2022 in Waltham, Massachusetts;

(collectively, the "Property").

WHEREAS, on October 10, 2024, after a four-day jury trial, a jury found the Defendant guilty on Count One of the Indictment;

WHEREAS, based on the evidence and testimony presented at trial and Defendant's conviction, the United States has established the requisite nexus between the Property and the offenses to which the Defendant was convicted, and the Defendant, via his counsel, consented to the forfeiture of the Property; accordingly, the Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 1594(d) and 28 U.S.C § 2461(c); and

WHEREAS, pursuant to 18 U.S.C. § 1594(d), 28 U.S.C § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, based upon the Defendant's conviction, that the government has established the requisite nexus between the Property and the offense to which the Defendant has been found guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Accordingly, all of Defendant's interests in the Property are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 1594(d) and 28 U.S.C § 2461(c).

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Property and maintain it in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Property.

6. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Property to be forfeited.

7. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Property, shall, within sixty (60) days after the first day of publication on the

government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Property.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 1594(d) and 28 U.S.C § 2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ Angel Kelley
**ANGEL KELLEY**
United States District Judge

Dated: 1/29/2025